## McCULLOUGH v MILLER et

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3119. Decided Feb. 7, 1940.

C. Eugene Smith, Columbus, and Russell E. Bothwell, Columbus, for plaintiff-appellant.

B. F. Friedman, Columbus, for defendants-appellees.

272

## OPINION

By GEIGER, J.

This case is before this Court on appeal from a final order of the Court of Common Pleas of Franklin County. In his second amended petition the plaintiff details in his first cause of action the facts leading up to a crossing accident in which he claims to have been injured and his car damaged. The negligence complained of is the fact that Stanley C. Miller disregarded traffic signals at the intersection of two streets and that the collision resulted.

It is further alleged that at the time in question Stanley C. Miller was a minor son of the defendant, B. Harry Miller; that the defendant, B. Harry Miller, was the owner of the automobile and that Stanley was an incompetent inexperienced automobile operator, then and there operating by virtue of a learner's permit; that the defendant, B. Harry Miller, knew that his minor son was incompetent, etc., yet in spite of this furnished his automobile to said son and did not accompany him, and permitted him to operate the automobile without a licensed driver being present in the automobile.

It is alleged that Stanley C. Miller, the minor son, operating his father's automobile, and by reason of being unfamiliar therewith, disregarded the traffic light and caused the collision.

As a second cause of action it is alleged at the time and place of the collision the defendant, Stanley C. Miller, was driving the automobile as agent and employee of the defendant, B. Harry Miller, and within the scope of said agency, and did negligently operate the automobile so as to cause it to crash into plaintiff's automobile.

Certain specifications of negligence were enumerated. It is alleged that as a proximate result of the combined concurrent negligence of the two defendants, the defendant's automobile collided with the plaintiff's whereby the automobile was damaged and the plaintiff was injured.

Both the defendants filed demurrers each of which was sustained upon the ground of misjoinder of parties defendant. Leave was given for the plaintiff to further plead. A motion was made by each defendant for an order requiring the plaintiff to elect whom he intends to proceed against in this action, the master or servant, or the principal or agent.

The cause coming on to be heard upon the motion of each defendant, the Court sustains said motions and orders the plaintiff to make election. The plaintiff refused to make such election and it is ordered by the Court that the cause be dismissed without prejudice for plaintiff's refusal to obey the order to make election. To this final order notice of appeal is given.

The court below held that the motion to elect is controlled by the rule announced in **French v Central Construction Company, 76 Oh St 509**. And further, that the judgment of the Court is not in conflict with the principles announced in the case of **Clark v Stewart, 126 Oh St 263**, in which latter case the father and son were not sued jointly. The Court held in the instant case that the plaintiff could pursue the father upon the theory that he was negligent in entrusting his automobile to his incompetent son, and also upon the theory that the son at the time of the occurrence was the agent of the father, the court holding that these theories are not repugnant, but that under the authority laid down in French v Central Construction Company plaintiff cannot sue the father and son jointly which he has done in the second cause of action.

In his assignment of errors plaintiff-appellant asserts that there is but one ground of error, the dismissal by the court of the petition for failure to elect.

It is also alleged that the proper attack upon the petition should have been a demurrer for misjoinder rather than a motion to elect.

The case of **French, Admr. v The Central Construction Company, 76 Oh St 509,** holds that an "action cannot be maintained jointly against master and servant for the wrongful and negligent act of the latter, if in the particular case the master's liability for such wrongful and negligent act arises solely from the relationship between them under the doctrine of respondeat superior".

The second syllabus holds that where in an action for negligence master and servant are improperly joined the plaintiff may be required to ▮ elect against which of the defendants he will proceed. And where in a proper case on motion of one of the defendants an order of election is made and the plaintiff refuses to comply the Court may dismiss the action without prejudice to a future action. The second syllabus seems to us to effectually dispose of the claimed error in deciding the case on a motion instead of a demurrer.

This case is of such importance that it should be read by counsel, if they are not already familiar with it, and we refrain from further discussion.

**Losito v Kruse, 136 Oh St 183,** and the case of **Herron v Youngstown, 136 Oh St 191,** are further authorities supporting the ruling of the Court in French v Central Construction Co. Both of these cases are found in the Bar Association Report of January 8, 1940.

From these authorities we arrive at the conclusion that the Court did not err in requiring the plaintiff to elect which of the two defendants he intended to pursue, where the right of action against the father is based upon the principle of respondeat superior.

A question still remains whether the two causes of action, one based upon the negligence of the boy, and the other upon the action of the father in placing his inexperienced son in charge of his automobile, can be joined in one action against both defendants.

**Clark v Stewart, 126 Oh St 263,** holds that in an action for damage for personal injury plaintiff has the full right to pursue both the theory of respondeat superior and that the defendant, knowingly entrusted the operation of his car to an incompetent driver, as the two theories are in no wise repugnant. While this case involved father and son as does the case at bar, yet the action under consideration was against the father only, the son not being joined as in this case, so that we do not find that the latter cited case conflicts with the principles laid down in French v Construction Company. Neither does the case of **Elliott v Harding, 107 Oh St 501,** raise the question of improper joinder of defendants.

Without further discussion of this matter, we are of the opinion that there was no error committed by the court below in sustaining the motion requiring the plaintiff to elect or in dismissing the action when the plaintiff refused to comply with the order of the Court.

HORNBECK, PJ. & BARNES, J, concur.